# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

SAMUEL LEWIS TAYLOR, Reg. No. 166914, )
                                                                )
          Plaintiff, )
                                                               )
           v. )        No. 07-4060-CV-C-SOW
                                                               )
ROBYN COMBS, et al., )
                                                               )
         Defendants. )

## ORDER

      On May 31, 2007, United States Magistrate Judge William A. Knox recommended plaintiff's claims regarding his inmate account be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 14, 2007. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's claims challenging removal of his inmate account monies for payment of filing fees and allegations that such monies have been withdrawn, in violation of the 28 U.S.C. § 1915(b) ten-dollar exemption, are claims which should be brought in state court. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001) (prisoner's claims properly dismissed because could use state-law remedies to recover money alleged to have been improperly deducted from his prison account under 28 U.S.C. § 1915).. If a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

      Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S.

Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's numerous subsequent motions continuing to seek relief regarding his inmate account monies are denied. As set forth above, plaintiff may seek relief in state court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of May 31, 2007, is adopted. [9] It is further

ORDERED that plaintiff's claims regarding his inmate account are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's numerous motions seeking relief regarding his inmate account monies are denied, without prejudice. [13, 15, 26]

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: October 15, 2007

2

Case 2:07-cv-04060-NKL   Document 28   Filed 10/15/07   Page 2 of 2