IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SAMUEL LEWIS TAYLOR, Reg. No. 166914, )
                                                                                   )
                Plaintiff, )
                                             )
        v.                   )     No. 07-4060-CV-C-SOW
                                             )
ROBYN COMBS, et al., )
                                             )
                Defendants. )

**REPORT, RECOMMENDATION AND ORDER**

      Plaintiff Samuel Lewis Taylor, an inmate confined in a Missouri penal institution, was granted leave to proceed on his claims, brought under 42 U.S.C. § 1983, that defendants (1) denied him legal books and/or legal assistance with nonfrivolous lawsuits, (2) delayed his medical care, (3) used excessive force against him, (4) denied him his mail, (5) housed him where he was exposed to second-hand tobacco smoke, and (6) retaliated against him for filing lawsuits. Another claim, for withdrawal of money from his inmate account, was dismissed on October 15, 2007, for failure to state a claim for which relief can be granted.

      Currently before the court is a motion, filed by defendants Robyn Combs, Dave Dormire, Gregory Patrick, Lisa Jones, Darlene Wansing, Steve Houston, Walter Koon and Stanley Swicord, to dismiss some, but not all, of the claims. Plaintiff has responded in several pleadings in opposition to the motion and defendants have replied.[1]

      "A complaint must include 'enough facts to state a claim to relief that is plausible on its face.' Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations as true and liberally construes the complaint in the light most favorable to the plaintiff. See id. at 1964-65." Kutten v. Bank of America, N.A., slip copy, 2007 WL 2485001 (E.D. Mo. Aug. 29, 2007).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants seek dismissal on the basis that plaintiff has failed to state a claim of retaliation; has not stated a claim against defendants Combs, Dormire, Wansing, Houston and Swicord; and has improperly brought damage claims against defendants in their official capacities. Plaintiff opposes dismissal and basically relies on the facts and pleadings set forth in his complaint.

## Claim of Retaliation

Plaintiff generally claims that defendants Dormire and Jones retaliated against him for filing lawsuits and grievances by having him transferred to another institution. Defendants assert plaintiff has failed to allege sufficient facts to support his claim and plaintiff has no constitutional right to be housed in any particular institution.

Defendants are correct that there is no liberty interest in assignment to any particular prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to . . . a transfer." Murphy v. Missouri Dep't of Corr., 769 F.2d 502, 503 (8th Cir. 1985). Further, transfers may be made for a variety of reasons and may be based on informed predictions of what would best serve institutional security or the safety and welfare of the inmate. Gomez v. Grossheim, 901 F.2d 686 (8th Cir. 1990) (citing Meachum v. Fano, 427 U.S. at 224). "[C]onstitutionally speaking, assignments [to particular prisons] are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight." Moorman v. Thalacker, 83 F.3d at 973 (citing Vitek v. Jones, 445 U.S. 480 (1980); Sisneros v. Nix, 884 F. Supp. 1313, 1346 (S.D. Iowa 1995)).

Thus, while transfers are discretionary, they may not be made in retaliation for the exercise of a constitutional right. It is well settled that "access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." Johnson v. Avery, 393 U.S. 483, 485 (1969). See also Flittie v. Solem, 827 F.2d 276, 280 (8th Cir. 1987).

A bald assertion of the ultimate fact of retaliation is generally insufficient to state a claim for relief, Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985), but if there are critical issues of fact, a complaint should not be dismissed before those issues are resolved. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985).

2

Some courts look to the chronology of events alleged by the plaintiff to determine whether retaliation may be inferred. Benson v. Cady, 761 F.2d at 342. Although the underlying conduct of prison officials may not be otherwise actionable under the Civil Rights Act, when a retaliatory motive has been alleged and is supported by sufficient facts, the complaint states a claim sufficient to avoid dismissal. See, e.g., Hall v. Sutton, 755 F.2d 786, 787 (11th Cir. 1985).

To ultimately succeed on his claim, a plaintiff must prove that retaliation was "*the actual motivating factor*" for the transfer or discipline. Goff v. Burton, 7 F.3d 734 (8th Cir. 1993).

Although plaintiff's claims of retaliation may not withstand a motion for summary judgment, he has alleged marginally sufficient facts to allow the claim to proceed at this stage.

### Claim against Robyn Combs

Plaintiff states defendant Combs denied him access to the courts when she did not provide him with legal books or someone trained in the law to assist him with the filing of nonfrivolous lawsuits. His claims appear to relate to the period between April 15, 2002, and March 6, 2003, when he was assigned to administrative segregation and was attempting to litigate property claims in state court and to file habeas corpus proceedings.

The grievance response plaintiff submitted as an attachment to his complaint indicates he received legal materials[2] from the law library while he was assigned to the administrative segregation unit. Legal materials were delivered to him by counsel substitutes who were in the housing unit a couple of times per week. They were supposed to be available to discuss legal issues with plaintiff, although they were not permitted to prepare documents for him.

Defendants claim this document shows plaintiff was not denied access to the courts because he had access to legal materials and an opportunity to talk with a counsel substitute. Defendants also state plaintiff has not identified a case in which he was actually prejudiced because of defendant Combs' actions.

---

[2]Plaintiff was permitted to borrow copies of cases while housed in administrative segregation, but could not check out books or remove them from the law library. He could request the copies and have them delivered to his cell.

In his response, plaintiff acknowledges he was given "a great deal of policies" and "a few cases which did not relate to plaintiff's claims," but states he "was denied legal representation to help draft legal documents even at the pleading stage." (Doc. 60 at 3.)

Clearly, prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

Thus, to prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353).

In Lewis v. Casey, the Court stated that "[d]epriving someone of a frivolous claim, . . . deprives him of nothing at all . . . ." Johnson v. Missouri, 142 F.3d at 1089 (citing Lewis v. Casey, 518 U.S. at 353 n.3).

Plaintiff appears to allege that meaningful access to the courts requires prison officials to provide legal representation to help him draft his initial pleadings. Plaintiff does not state he was unable to prepare and file his habeas corpus petition, prepare and file his property claim, or obtain copies of legal materials he requested. He generally asserts his claims were dismissed, but does not specifically indicate how he was prejudiced by particular actions of defendant Combs. In other words, he does not state facts showing his cases would not have been dismissed but for Combs' actions, or that he was unable to talk to the counsel substitutes who brought him the policies and cases he requested. In the absence of additional details tending to demonstrate that plaintiff had meritorious claims that were dismissed or hindered because defendant Combs prevented him from obtaining legal materials or talking to someone trained in the law, plaintiff has failed to state a claim for which relief can be granted.

4

## Claim against David Dormire

Plaintiff claims that while he was housed at Missouri State Penitentiary, he was knowingly exposed by defendant Dormire to unreasonable levels of environmental tobacco smoke.[3]  Defendants assert that plaintiff has failed to establish knowledge of unreasonable exposure and deliberate indifference by defendant Dormire.  They state if plaintiff is alleging failure to enforce a policy, that amounts to mere negligence which is not actionable under 42 U.S.C. § 1983, and that plaintiff's claims are based upon defendant's supervisory status.

To state a claim of cruel and unusual punishment based on exposure to environmental tobacco smoke (ETS), an inmate must allege that defendants, with deliberate indifference, exposed him to levels of ETS that are sufficient to "pose an unreasonable risk of serious damage" to plaintiff's current or future health.  Helling v. McKinney, 509 U.S. 25, 35 (1993).  This involves both an objective and a subjective component.  Plaintiff must have been exposed to unreasonably high levels of ETS and defendants must have known of the problem and with deliberate indifference to the risks to plaintiff, failed to take appropriate action to deal with it. See also Weaver v. Clark, 45 F.3d 1253 (8th Cir. 1995).

Plaintiff alleges he complained of excessive coughing, tiredness and difficulty breathing while housed in the smoke-filled environment.  He does not state he required medical treatment or had a serious medical condition that was aggravated by exposure to the smoke.  He says there is a substantial likelihood he will suffer from serious health conditions in the future because of his exposure to excessive smoke during the time he was at MSP.

Taylor says he wrote to defendant Dormire requesting reassignment to nonsmoking areas, but did not receive a reassignment.  Thus, plaintiff asserts defendant knew of the danger and failed to take steps to correct it.

If this claim proceeds, plaintiff will have a high burden to meet to show, objectively, that he was personally exposed to unreasonably high levels of ETS.  As set forth in Helling v. McKinney, the objective factor requires "more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be

---

[3]Plaintiff's retaliation claim against defendant Dormire is addressed in the retaliation section.

5

Case 2:07-cv-04060-NKL   Document 69   Filed 07/31/08   Page 5 of 10

caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Helling v. McKinney, 509 U.S. at 36 (quoting Larson v. Kempker, 414 F.3d 936, 940 (8th Cir. 2005)). Thus, plaintiff will have to provide scientific and/or expert testimony to show that the level of exposure he was personally exposed to created a serious and likely risk of future harm. In affirming the grant of summary judgment to the defendant, the Eighth Circuit noted in Larson v. Kempker that plaintiff Larson failed to put forth objective evidence or scientific tests to establish the levels of ETS in plaintiff's cell, other reliable basis to estimate the levels of ETS, or specific evidence concerning how those levels would affect his future health.

The deadline for the close of discovery was July 11, 2008, and dispositive motions are due on August 11, 2008. Accordingly, defendants' motion to dismiss on this issue will be recommended denied, and plaintiff will be given the opportunity to present any evidence he has obtained which will meet the objective component required for his claim to succeed.

The court notes plaintiff has alleged personal involvement by defendant Dormire in that he wrote to defendant Dormire about his concerns and, at one point, states defendant Dormire told him he would be moved to or housed in a nonsmoking cell. Thus, the court is not persuaded plaintiff's claim is impermissibly based on the doctrine of respondeat superior.

**Claim against Darlene Wansing**

Plaintiff's only claim against defendant Wansing is that she improperly withdrew funds from his inmate account. That claim was dismissed by the district court on October 15, 2007, and thus, defendant Wansing was dismissed as a party at that time. To clarify the record, however, this court will direct the clerk of court to correct the docket sheet to show that Wansing is no longer an active party in this case.

**Claims against Steve Houston and Stanley Swicord**

Plaintiff alleges defendants Houston and Swicord denied him due process of the law when they deprived him of his personal property or the right to have his damaged property repaired without having an appropriate pre- or post-deprivation hearing.

Defendants request dismissal of these claims because plaintiff has not alleged sufficient facts to support his broad and conclusory claims. In his complaint, plaintiff has included a

6

Case 2:07-cv-04060-NKL   Document 69   Filed 07/31/08   Page 6 of 10

typewritten page[4] which appears to state some of his property, including a television set, was broken and/or taken from him without a hearing. He indicates he has previously filed suits on these items, the suits were dismissed, and some of the claims were dismissed because they were barred by the statute of limitations.

The words on plaintiff's typewritten page are so light on the original that they are barely visible and are not clearly legible. The electronic version is totally unreadable. Thus, it is very likely that defendants do not have any facts relative to the claim.

Upon review of what the court can read, however, further screening pursuant to 28 U.S.C. § 1915[5] is appropriate. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took or destroyed his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

---

[4]The complaint includes a number of barely legible or non-legible typewritten pages which appear to have facts, legal theories and citations to case law in support of plaintiff's claims. In the future, such defective pages will be returned to plaintiff for refiling after the defects have been corrected.

[5]28 U.S.C. § 1915(e)(2)(B)(ii) provides that the court must dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted.

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in the state courts for his property loss, even if he lacks funds.

For these reasons, plaintiff's due process claims related to the loss or destruction of his property are recommended dismissed for failure to state a claim.

## Official Capacity Claims

Plaintiff sues defendants in their individual and official capacities, and defendants request dismissal of the official capacity claims.

The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).[6] Thus, the state and its officials acting in their official capacities are not "persons" for 42 U.S.C. § 1983 purposes. Id.

Accordingly, plaintiff's official capacity claims will be recommended dismissed.

On April 28, 2008, plaintiff moved for the entry of default judgment against Greg Rodriguez. An entry of default judgment is not proper in this case because plaintiff was not granted leave to amend his complaint to add Rodriguez as a party and Rodriguez has not been served with process. The manner in which plaintiff submitted his proposed amendment, titled "Request for Amended Motion" in August 2007, and attached to other documents, did not make it clear that he was filing a motion for leave to amend his complaint. Further, his proposed amended complaint again contained pages that were illegible. After review, justice does not require the court to permit plaintiff to amend his complaint with the proposed amended complaint submitted in August 2007.

---

[6]Plaintiff is no longer housed at Missouri State Penitentiary and thus any claims for prospective injunctive relief related to these defendants are moot.

8

It is therefore

ORDERED that plaintiff is denied leave to amend his complaint with the proposed amended complaint submitted in August 2007. It is further

ORDERED that plaintiff's motion of April 28, 2008, for default judgment against Greg Rodriguez is denied. [55] It is further

ORDERED that the clerk of court modify the docket sheet to show that defendant Wansing is no longer an active party in this case because the only claim against her was dismissed on October 15, 2007. It is further

RECOMMENDED that defendants' motion of February 29, 2008, be

(1) granted on plaintiff's official capacity claims against defendants Combs, Dormire, Patrick, Jones, Houston, Koon and Swicord;

(2) granted on his access to the courts claim against defendant Combs;

(3) denied on his retaliation claims against defendants Dormire and Jones; and

(4) denied on his Eighth Amendment exposure to ETS claim against defendant Dormire.

[45] It is further

RECOMMENDED that plaintiff's property claims against defendants Houston and Swicord be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

9

Dated this 31st day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

10