IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SAMUEL LEWIS TAYLOR, Reg. No. 166914, )
 )
                    Plaintiff, )
 )
                 v. )     No. 07-4060-CV-C-SOW
 )
ROBYN COMBS, et al., )
 )
                  Defendants. )

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Samuel Lewis Taylor, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

     A motion for summary judgment of Missouri Department of Corrections defendants Dave Dormire, Lisa Jones, Robyn Combs, Walter Koon and Gregory Patrick is before this court, as well as a related motion for summary judgment filed by another Department of Corrections defendant, Curtis Nelson. Plaintiff has filed suggestions in opposition and defendants Dormire, Jones, Combs, Koon and Patrick, a reply.[2]

     Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine

---

     [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     [2]Plaintiff's additional filing, titled "Affiant's Reply to Respondent's Motion to Dismiss on Summary Judgment," is stricken from the record. Plaintiff had already filed suggestions in opposition prior to the motions and was not granted leave of court to make this additional filing. Furthermore, this filing asserts claims outside those raised in plaintiff's complaint.

dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Defendants Dormire and Jones argue that plaintiff has no evidence from which a reasonable jury could find that they transferred plaintiff from the Missouri State Penitentiary (MSP) to Southeast Correctional Center (SECC) in retaliation for his previous lawsuit, Taylor v. Lamour, No. 02-4275 (W.D. Mo. 2005). Plaintiff alleges that when he filed his previous case, he was required to pay an initial filing fee to the court via an MSP inmate green check. Plaintiff alleges that MSP staff, specifically classification staff, were aware of his court case, and he is certain that classification informed Dormire, resulting in Dormire transferring plaintiff to another correctional facility.

Plaintiff does not dispute that defendant Jones did not handle or have authority over the decision to transfer him. To be liable, a defendant in a section 1983 action must have been personally involved in or directly responsible for conduct that caused injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Further, MSP records specifically show that plaintiff was transferred to SECC as a result of overcrowding. Plaintiff does not dispute that there was a gang riot just prior to his transfer and that prison officials were trying to make room in administrative

2

segregation for those inmates involved in the riot.  Additionally, there is no evidence to support that either Dormire or Jones knew about plaintiff's previous case, which, plaintiff alleges, was the basis for alleged retaliation by Dormire and Jones.  No service of the complaint in that case was ever made on Dormire or Jones or waived on their behalf.  The Attorney General did not enter his appearance in the case until after preservice dismissal of Jones and Dormire by the court for failure to state a claim on which relief may be granted.  Thus, there is no evidence to support that either Dormire or Jones knew about plaintiff's previous lawsuit, or that plaintiff's transfer was done in retaliation for his filing the lawsuit.  Plaintiff's allegations of retaliation are speculative and conclusory and, therefore, fail.  Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory).  Plaintiff has failed to come forward with evidence that impermissible retaliation was an actual motivating factor for his transfer.  See Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir.1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was retaliation).

Defendant Dormire next argues, in support of dismissal of plaintiff's claims that Dormire celled plaintiff with smoking cellmates thereby unconstitutionally exposing plaintiff to environmental tobacco smoke (ETS) from November 2000 to March 2003 while at MSP, that plaintiff did not have a cellmate for 26 of his 31 months at MSP.  Further, due to behavior violations, Taylor was housed primarily in administrative segregation, disciplinary segregation and temporary administrative segregation, all of which prohibited smoking in their units.  Thus, any exposure to a smoking cellmate plaintiff may have had at MSP was, at most, the period of five months when plaintiff, in fact, had a cellmate.  Dormire, however, shows evidence that the first time plaintiff complained to him about smoke was in September 2001, when plaintiff wrote Dormire a kite (prison term for a letter) requesting a nonsmoking cellmate.

To the extent plaintiff alleges a claim of cruel and unusual punishment based on exposure to ETS, he must allege that defendants, with deliberate indifference, exposed him to levels of ETS that are sufficient to "pose an unreasonable risk of serious damage" to plaintiff's current or future health.  Helling v. McKinney, 509 U.S. 25, 35 (1993).  This involves both an objective and a subjective component.  Plaintiff must have been exposed to unreasonably high levels of ETS

3

and defendants must have known of the problem and, with deliberate indifference to the risks to plaintiff, failed to take appropriate action to deal with it. See also Weaver v. Clark, 45 F.3d 1253 (8th Cir. 1995).

In the instant case, after notifying defendant Dormire in September 2001 of his concern regarding exposure to ETS caused by his cellmates, plaintiff had only two cellmates for a period that spanned approximately a total of one month. Plaintiff has come forward with no evidence to support that his limited possible exposure to ETS posed an unreasonable risk to his current or future health. Helling, 509 U.S. at 36 (inmate must establish that he has an objectively serious medial need or can show to reasonable degree of certainty that he has some increased risk of future medical harm as a result of his current exposure). Plaintiff's self-diagnosis that "since being exposed to high levels of ETS smoke [he] has been suffering chest pains and dizzy spells," (Doc. 77, p.4, Affiant's Second Affidavit In Opposition To Respondents' Summary Judgment Motion) is not objective evidence from which a jury could find to the reasonable degree of certainty required, that plaintiff's exposure to ETS while at MSP caused him to suffer an objectively serious medical need or increased his risk of future medical harm. Plaintiff is without medical evidence to support this claim. The court further notes that plaintiff's allegations regard only his previous exposure to ETS while at MSP from November 2000 to March 2003, and do not involve allegations of continued current exposure.

Defendants Koon and Patrick, as well as defendant Nelson in his separate motion, argue that plaintiff has no evidence which support his allegations of excessive use of force. Defendants are all members of the five-member Department of Corrections movement team that moved plaintiff to Housing Unit 3. Defendants argue that plaintiff does not dispute that they were acting on information provided by a nondefendant Department of Corrections sergeant when they made entry into plaintiff's cell and physically subdued him to ensure his transport to a new cell. Defendants argue their actions of physically subduing plaintiff and transporting him on a gurney to his newly assigned cell were based on information provided from a nondefendant that plaintiff needed to be moved as soon as possible to allow accommodation in segregation for offenders involved in the prison riot, and that plaintiff was refusing to "cuff up." Defendants argue they did not use excessive force.

4

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "'unnecessary and wanton infliction of pain,'" however, violates the Eighth Amendment. Id. at 319 (citation omitted). Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty." Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994). In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact-finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. Id. at 871.

Prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force. Whitley, 475 U.S. at 319; Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993). When faced with a disturbance, prison officials must act quickly and decisively to restore order. Hudson, 503 U.S. at 6. Courts should not interfere with prison administration unless officials have acted in bad faith or without any legitimate purpose. Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990).

An excessive-force plaintiff must suffer "actual injury." Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995). Although serious injury is not required to show cruel and unusual punishment, Hudson v. McMillian, 503 U.S. 1 (1992), it is a factor that may be considered. Howard, 21 F.3d at 871. See also Dawkins v. Graham, 50 F.3d at 535 (an excessive-force plaintiff must show "actual injury," which is less than "significant injury").

In the instant case, no reasonable jury could find that defendants' actions of entering plaintiff's cell and physically subduing him upon information that he was refusing to cuff up in order to be moved to a different cell constituted extreme and excessive cruelty. Defendants' actions were reasonable based on the information that they had been given, and also based on the undisputed surrounding circumstances of a prison riot which necessitated plaintiff's immediate

5

move to a different cell to make room for the offenders involved in the riot. Summary applications of force are constitutionally permissible when prison security and order has been placed in jeopardy. Jones v. Shields, 207 F.3d 491, 496 (8th Cir. 2000).

To the extent plaintiff challenges the throwing of the mace agent into his cell prior to entry of the movement team members, his deposition concedes that members of the movement team were not the persons who threw the chemical agent into his cell. Plaintiff's deposition states that the nondefendant Department of Corrections sergeant who reported to the movement team that he had refused to "cuff-up" was the person who threw the mace agent into his cell. (Doc. 73, Exh. 2, p.11, Deposition of Samuel Lewis Taylor.)

Plaintiff's allegations that unknown members of the five-person corrections movement team hit him do not support his claims of excessive use of force against three of the members of the team who are named as defendants in this case. Plaintiff specifically states he doesn't know who hit him, and couldn't say if it was one, two, three, four or all five of the members of the team who hit him because he had his face turned down into the gurney mattress. (Doc. 76, Exh. 2, pp.7-8.) Furthermore, plaintiff has no evidence of any resulting harm from the alleged hitting, and the evidence is clear that some force was necessary because plaintiff refused to "cuff up." Plaintiff has come forward with no evidence from which a reasonable jury could find that the named defendants are liable for excessive use of force in violation of plaintiff's constitutional rights.

Finally, defendant Combs argues that plaintiff has no evidence to support his claims that he was denied access to courts. Combs asserts that prison records show plaintiff was given extensive assistance by the law library at MSP while he was in administrative segregation, but apparently was dissatisfied when he did not get every single request he made. Prison records submitted in support of summary judgment support extensive legal material assistance being given to plaintiff. The requests that were not filled show they were denied because they were for items, such as prison policies, that prisoners are not permitted to view, or were submitted in violation of policy allowing for legal research requests to be submitted on provided prison request forms and allowing only five requests per request form.

Prisoners have a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to discover grievances, and to litigate effectively once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353). See also Entzi v. Redmann, 485 F.3d 998 (8th Cir. 2007).

In the instant case, the undisputed evidence, including letters of appreciation written to defendant Combs by plaintiff himself, shows that plaintiff had access to the MSP law library while in administrative segregation and defendant Combs provided extensive legal material assistance to him. Prisoners are entitled to access to an adequate law library or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Here, plaintiff had access to the law library, and there is no allegation that such library was not adequate. The fact that plaintiff did not receive all of his extensive requests for legal materials, as set forth previously, does not create a genuine issue of material fact sufficient for this case to proceed to trial.

Further, the evidence also shows that plaintiff was not prevented from making legal filings with the courts, and, in fact, filed complaints with federal and state courts.

Plaintiff's allegation that Combs' lack of legal assistance caused the statute of limitations to run on his property claims is not supported by the undisputed facts. Plaintiff's earlier case, No. 02-4275, filed on December 12, 2002, was a section 1983 due process claim alleging denial of his personal property. On February 6, 2003, this court advised plaintiff his property claims

7

against defendant Houston failed to state a claim on which relief could be granted under section 1983. The court advised plaintiff that his claims could be brought in state court in an action for replevin or conversion.

Instead of filing a state tort action for replevin or conversion, as advised by this court, on August 11, 2003, plaintiff filed another section 1983 claim in state court against defendants Houston and Swicord. This case was dismissed, without prejudice, on February 23, 2004, for failure to prosecute. In 2004, plaintiff refiled the claim with state court, which was subsequently dismissed on March 24, 2005, upon granting defendant Houston's motion to dismiss. Plaintiff never filed his property claims against Houston in state action for replevin or conversion.

Plaintiff's statement that he wanted Combs to review his dismissed complaint and advise him of errors, fails to support a claim of denial of access to the courts. As stated earlier, prisoners are entitled to access to an adequate law library or adequate assistance from persons trained in the law. Bounds, 430 U.S. at 828. Here, the undisputed facts show plaintiff had access to a law library and received extensive amount of legal material assistance from the library by means of forms he submitted to the library requesting specific legal materials. With adequate access to the law library, plaintiff was not entitled to have a person trained in the law to assist him. Plaintiff was not entitled to have MSP law librarian, defendant Combs, review his complaint and advise him of errors. Moreover, there is no evidence to support that plaintiff ever asked Combs for advice on the issue.

Plaintiff has come forward with insufficient evidence to support an inference that defendant Combs denied plaintiff access to the courts on his property claims or caused his claims to be barred by the statute of limitations. Rather, the evidence supports the inference that plaintiff's own actions resulted in the bar of these claims.

Plaintiff's statement that his access to the courts was denied regarding his habeas petition is also not supported by the evidence. Even if plaintiff had filed his petition in 2002, when he alleges he was prevented from making the filing, his petition would not have been successful. At the very latest, plaintiff had until April 24, 1997, to file his habeas petition for the July 1987 forcible-rape conviction. No amount of legal assistance or materials from Combs would have prevented the habeas petition from being time-barred.

8

As discussed above, this court finds that defendants did not violate plaintiff's constitutional rights. Therefore, there is no need to consider defendants' argument in support of qualified immunity.

IT IS, THEREFORE, ORDERED that defendants' motion to strike is granted and plaintiff's additional filing, titled "Affiant's Reply to Respondents' Motion to Dismiss on Summary Judgment," is stricken from the record. [85, 82] It is further

RECOMMENDED that the motions of Missouri Department of Corrections defendants Dave Dormire, Lisa Jones, Robyn Combs, Walter Koon, Gregory Patrick , and Curtis Nelson be granted and plaintiff's claims against these defendants be dismissed. [76, 99]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within fourteen days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to fourteen days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

9

Case 2:07-cv-04060-NKL   Document 109   Filed 08/20/09   Page 9 of 9